# United States Court of Appeals
## For the First Circuit

---

No. 04-1325

UNITED STATES,

Appellee,

v.

EDWARD J. FOX,

Defendant, Appellant.

---

ON REMAND FROM THE UNITED STATES SUPREME COURT

---

Before

Selya, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Leval,[*] <u>Senior Circuit Judge</u>.

---

<u>Kathleen M. McCarthy</u> on brief for appellant.
<u>Margaret D. McGaughey</u>, Appellate Chief, and <u>Paul D. Silsby</u>,
United States Attorney, on brief for appellee.

---

November 16, 2005

---

[*]Of the Second Circuit Court of Appeals, sitting by designation.

**STAHL**, <u>Senior Circuit Judge</u>.  Defendant Edward Fox was convicted by a jury in the United States District Court for the District of Maine of possessing an unregistered shotgun.  When he originally appeared before us, he challenged that conviction on multiple grounds, alleging police misconduct in conducting the search that revealed his possession of the weapon, complaining of improper admission of evidence, and challenging his sentence under the United States Sentencing Guidelines.  In an earlier published opinion, <u>United States</u> v. <u>Fox</u>, 393 F.3d 52 (1st Cir. 2004), we rejected his challenges and affirmed his conviction.  That opinion states the facts of the case, which we will not repeat here.

Fox petitioned the Supreme Court for certiorari. His petition was granted, the judgment below vacated, and the case remanded to us for reconsideration in light of the Supreme Court's decision in <u>United States</u> v. <u>Booker</u>, 125 S.Ct. 738 (2005).  <u>See</u> <u>Fox</u> v. <u>United States</u>, 125 S.Ct. 2949 (2005).  We invited supplemental briefing on whether the case should be remanded to the district court for resentencing in accordance with <u>Booker</u>.

In his supplemental brief, Fox seems to suggest that he preserved a <u>Booker</u> claim because he raised a challenge to his sentence under <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 269 (2004), when he originally appealed his sentence in this court.  However, in order to preserve a <u>Booker</u> claim, Fox had to make his <u>Blakely</u> argument before the district court in the first instance.  Our review of the

sentencing transcript and related memoranda reveals no evidence of any suggestion made to the district court that the Sentencing Guidelines, either on their face or as applied to Fox's case, were unconstitutional. In the absence of any indication in the record that Fox challenged the constitutionality of his sentence in the district court, we treat his claim as forfeited. See United States v. Burnette, 423 F.3d 22, 24 n.2 (1st Cir. 2005).

We review a forfeited Booker challenge for plain error. Id. at 24. "To establish plain error, an appellant must point to (1) an error (2) that is plain and that both (3) affects substantial rights and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)).

The first two prongs of the plain error test are satisfied "whenever [a] defendant's Guidelines sentence was imposed under a mandatory Guidelines system." United States v. Antonakopoulos, 399 F.3d 68, 77 (1st Cir. 2005). To satisfy the third prong, a defendant must demonstrate a reasonable probability that he would have received a lesser sentence under an advisory guidelines regime. Id. at 75. Although we are not overly demanding in assessing a defendant's attempt to make this showing, see United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005), we do require the defendant to point to "something concrete . . .

that provides a plausible basis for such a finding," <u>United States v. Guzmán</u>, 419 F.3d 27, 32 (1st Cir. 2005).

Fox points to nothing that establishes any probability that the district judge would have imposed a lesser sentence under an advisory guidelines regime.  He cites only to language in the sentencing transcript that demonstrates that the judge understood the Guidelines to be mandatory.  This, as we have just noted, is sufficient to prove error, but not to prove the degree of harm requisite under plain error review.  We are left with no reason to believe that Fox would have received a different sentence under an advisory guidelines regime, and therefore conclude that the original sentence should be reinstated.  Accordingly, we again direct the entry of judgment affirming both the conviction and the sentence.

**<u>So ordered.</u>**